LAW ENFORCEMENT INSURANCE
COMPANY, LTD., A Bermuda
Corporation, Plaintiff,

v.

James P. CORCORAN, Superintendent of
Insurance of the State of New York as
Liquidator of Ideal Mutual Insurance
Company in Liquidation, Defendant.

No. 86 Civ. 1200 (PNL).

United States District Court,
S.D. New York.

July 17, 1986.

Grand & Ostrow, New York City, for plaintiff; Michael D. Rips, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant James P. Corcoran; Marc J. Korpus, Thomas M. Campbell, of counsel.

LEVAL, District Judge.

Defendant, the New York State Superintendent of Insurance, liquidator of Ideal Mutual Insurance Company, moves to dismiss. Plaintiff, Law Enforcement Insurance Corporation ("LEICL") brought the action under 28 U.S.C. § 2201 seeking a declaratory judgment that, under its contract with Ideal, Ideal is legally obligated as direct insurer on claims arising out of policies issued by plaintiff to members of the National Sheriff's Association during the period October 1977 through September 1978. Ideal is in liquidation in the New York State courts under the supervision of the Superintendent of Insurance. On February 7, 1985, the New York Supreme Court entered an order of liquidation which included a stay enjoining all claimants from prosecuting their claims against Ideal otherwise than in the liquidation proceeding. On February 10, 1986, plaintiff brought this action alleging diversity of citizenship and seeking declaratory judgment as to its contract rights with Ideal.

The Superintendent contends that the action must be dismissed under two different federal court abstention doctrines. First, he contends that the abstention doctrine of *Burford v. Sun Oil Company*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), requires the federal court to abstain because the regulation of insurance is a specialized, on-going scheme committed by law primarily to state authorities. In support of this argument, the Superintendent cites the McCarran-Ferguson Act, 15 U.S.C. §§ 1011 et seq. (1982). *See also Levy v. Lewis*, 635 F.2d 960 (2d Cir.1980).

As a second basis for abstention, the Superintendent cites *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which held that in exceptional circumstances, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, permit a federal court to decline to exercise its jurisdiction in favor of concurrent state proceedings.

The Superintendent points out, furthermore, that declaratory judgment jurisdiction is discretionary, giving this court a

further basis for declining to exercise diversity jurisdiction.

Plaintiff argues that abstention would be inappropriate. It argues that there is no conflict between the adjudications sought in federal and state court, since plaintiff is not seeking a money judgment here but only a declaration of contract rights; any money judgment would be sought in the state liquidation proceeding. Plaintiff argues, therefore, that the proceedings can exist alongside one another without conflict.

In my view, the Superintendent has adequately justified his claim of entitlement to abstention under the *Colorado River* doctrine. A liquidation of an insurance company (or of any other entity) is rendered seriously inefficient if it cannot be conducted in a unified court proceeding. The policy favoring a unified proceeding has always been implicit in the automatic bankruptcy stay under the U.S. Bankruptcy Laws. It is forcefully expressed in *Fidelity Mortg. Inv. v. Camelia Bldrs.*, 550 F.2d 47, 53, 55 (2d Cir.1976), which explains the "compelling need" to collect all claims in a unified proceeding to protect the bankrupt (liquidator or trustee) from being harassed and whipsawed by having to defend in countless different jurisdictions against a chaotic assortment of claims.

Presumably plaintiff is not unique in its desire to avoid litigating its claim in the unified proceeding. It can be assumed that here, as in many bankruptcies and liquidations, there are numerous claimants who believe their fortunes would improve if they could chose the forum, rather than be subjected to the unified forum of the liquidation. In short, if this plaintiff may bring its litigation in the court of its choosing, so may countless other plaintiffs. The liquidator would be required to defend countless actions in various jurisdictions in a manner that would be wasteful, inefficient and contrary to the orderly liquidation of the estate.

The problem is aggravated in this case, as plaintiff concedes, since this court is unable to render full relief. If plaintiff prevails in establishing contract rights through declaratory judgment in this court,

it will be required, nonetheless, to pursue further stages of the litigation in the context of the state liquidation proceeding. Resort to this court, therefore, only fragments and multiplies the instances of litigation. Recognizing the force of the Supreme Court's insistence in *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 29, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1983), that only the most forceful of reasons can justify a federal court's refusal to exercise its jurisdiction, I nonetheless find that this is one of the rare cases in which *Colorado River* abstention is appropriate. I need not reach plaintiff's arguments based on *Burford* and the discretionary exercise of declaratory judgment jurisdiction.

I find for the reasons discussed in *Colorado River* that the New York State Court's stay barring the plaintiff from pursuing this action should be honored and respected by this court and that the plaintiff's action should be dismissed, requiring the plaintiff to pursue this claim within the framework of the unified state liquidation proceeding. Motion granted. The action is dismissed.